Bircher vs. Watkins.

RUDOLPH BIRCHER vs. BENJAMIN F. WATKINS.

Plaintiff sued defendant on a covenant of seizin of indefeasible estate in fee simple; the only breach assigned was that defendant was not seized of an indefeasible estate in fee simple; defendant pleaded that at the time of making the deed he was seized of an indedefeasible estate in fee simple. Upon the trial neither party gave any testimony. Held that the burden of proof devolved upon the defendant, but that the plaintiff could only recover nominal damage; that to entitle him to recover the purchase money with interest he must show that the defendant was not seized of an indefeasible estate.

## APPEAL from St. Louis Circuit Court.

### STATEMENT OF THE CASE.

Watkins sued Bircher on a covenant of seizin of an *indefeasible estate in fee simple* of a tract of land in Illinois. The covenant is contained in a deed of conveyance of said land. The deed bears date February 14, 1842, and states a consideration of $600, on 17th February, 1840, and the covenant unlike most covenants of seisin is not in the present tense, but the past—that Bircher was seized, &c., on the 17th of February, 1840.

The only breach assigned is that Bircher was not seized, &c., of an indefeasible estate in fee simple on the said 17th of February, 1840, nor at any time thereafter.

Bircher pleaded that at the time of making the deed he was seized of an indefeasible estate in fee simple, &c., and issue was joined.

At the spring term, 1847, the case was tried before a jury, and there was a verdict for the defendant Bircher. The plaintiff Watkins moved for a new trial, and the defendant Bircher moved for judgment on the verdict. The court granted a new trial and overruled the motion for judgment. The defendant excepted and saved the whole case by bill of exceptions.

Afterwards, on 12th February, 1849, (being November term, 1848,) the case was again tried before a jury. Neither party gave any testimony.

On motion of the plaintiff, the court instructed the jury—1st. That the burthen of proof in

Bircher vs. Watkins.

this cause is on the defendant, and the said defendant having declined to offer any proof in support of his plea, the jury will find the issue for the plaintiff." 2d. "That the measure of damage is $600 with interest from the 17th day of February, 1842, up to this date."

The defendant moved the court to instruct the jury that—"if the jury find for the plaintiff they ought to assess only nominal damages against the defendant," which the court refused to do.

Under the instructions given for the plaintiff the jury found the issue for the plaintiff, and assessed damages $851 50, and judgment was rendered accordingly.

The defendant moved for a new trial, and in arrest of judgment, and both motions were overruled. All the points were saved by bill of exceptions, and the cause brought here by appeal.

### GAMBLE & BATES, for appellant.

At the last trial the court erred.

1. In instructing the jury at the instance of the plaintiff, that the burden of proof lay upon the defendant, generally.

The defendant had pleaded seizin in himself, and it is admitted that the burden lay on him to that extent; but he was not bound to prove any thing as to amount of damages, and the plaintiff gave no testimony on that subject, not even the deed sued on.

2. In instructing the jury that the *measure* of *damage* was $600 with interest from 17th of February, 1842, up to the day of trial.

3. The court erred in refusing to instruct the jury, at the instance of the defendant, that if the jury find for the plaintiff, they ought to assess only nominal damages against the defendant.

This point is clearly settled by this court in Collier vs. Gamble, 10 Mo. Reports, 472.

4. The court erred in overruling the defendant's motion, in arrest of judgment. The motion ought to have been sustained, because,

1. The issue was immaterial.

2. The issue was not in fact found by the jury—see the record.

3. On the breach assigned, only nominal damages could be recovered; 10 Mo. Rep. 472.

4. The declaration is insufficient: If the plaintiff went for all the consideration, money and interest, he ought to have alleged how much it was, and when paid; and he ought to have stated in his breach a total failure of seisin. If he went for a partial failure, he ought to have set forth the facts truly, as in case of a covenant against incumbrances.

5. At the first trial.

The circuit court erred in granting the plaintiff a new trial, and overruling the defendant's motion for judgment on the verdict rendered in his favor.

Under the fifth head we say that the circuit court erred,

1. In admitting illegal testimony for the plaintiff.

2. In instructing the jury erroneously in favor of the plaintiff.

3. In refusing proper instructions moved by defendant.

4. In overruling the defendant's motion for judgment on the verdict.

5. In granting the plaintiff a new trial.

### CROCKETT, for Appellee.

1. That the plaintiff in error can assign for error nothing that was done by the court on the first trial. The granting of the new trial cannot be assigned for error—and especially as the appellant did not abandon the case at that point, but appeared at the second trial, and asked instructions to the jury.

Bircher vs. Watkins.

2d. That the defendant in the court below held the affirmative of the issue, and as he declined to offer any proof to the jury, the court properly instructed the jury to find the issue for the plaintiff.

3d. That the court properly instructed the jury that the measure of damages was the purchase money and interest. See Collier vs. Gamble, 10 Mo. Rep. 467.

4th. The court properly overruled the motion in arrest of judgment. The declaration is good, and the issue was not immaterial. The deed was dated 14th Feb'y, 1842, and the covenant was that the defendant on 17th February, 1840, was seized, &c. The breach assigned is, that the defendant, on the 17th February, 1840, or at any other time, was not seized, &c.; the plea is that he was seized, &c., at the making of the deed. The replication is that he was not seized at the making of the deed, or any other time.

5. But if the issue was immaterial, a repleader is never awarded where the court can give judgment upon the whole record, nor at the instance of the party who committed the first fault in pleading. 2 Tidd's practice 952, 953; 1 Ld. Raymond 170; Doug. 396, 747; 2 Saund, 319, 320. The fault, if any, was in the defendant's plea, and therefore he cannot demand a repleader.

6. The court will not reverse the case, set aside the verdict and award a new trial, if upon the whole record the judgment is right and as it ought to be. The defendant, in his bill of exceptions, has preserved the proof upon the first trial. It is apparent from the proof that defendant below had no title to the land at the date of his deed on the 17th Feb., 1840.

NAPTON, J., delivered the opinion of the court.

The only point, about which there can be any difficulty in this case, is the one concerning the measure of damages. The state of the pleadings was such as to dispense with the necessity producing the deed, and the burthen of maintaining his plea was certainly upon the defendant.

In declaring upon covenants, it is generally sufficient for the pleader to negative the words of the covenant, a breach of which is alleged. This rule applies to a covenant of seisin, and of good right and title to convey. It does not apply to covenants against incumbrances. The covenant, that the grantor is " seised of an indefeasible estate in fee simple," as we have had occasion to remark in previous cases, is a compound one. It embraces the simple covenant of seisin, and also a covenant against incumbrances. If the pleader desires to charge a breach of the simple covenant of seisin, he should adopt language appropriate for that purpose. If he chooses to negative the words of the compound covenant, as has been done in this case, he subjects himself to the embarrassment which has occurred here. The defendant in reply asserts that he is seised of an indefeasible estate in fee simple, but fails to give any proof. What then is the measure of damages? The breach is admitted. It is conceded that there was not an indefeasible estate in fee simple in the grantor, and this may happen from two causes, either because the grantor had no seisin at all, or because his

estate was defeasible by reason of a paramount title or an incumbrance which might defeat the title partially or entirely. In the former event the damages would be the purchase money and interest, and in the latter, the plaintiff would only be entitled to nominal damages, until actual damages had been sustained. This rule seems to be a reasonable one and has been recognised in Collier vs. Gamble, (10 Mo. R. 472.) The question here is, to which rule shall we subject the defendant, where no proof is offered to sustain his plea. Shall we assume, that because he admits that he was not seized of an indefeasible estate, he was therefore not seized of any estate at all? It is said that if we do not draw this inference, we shift the burden of proof from the defendant to the plaintiff—and this is true so far as incumbrances are concerned, and such has always been the law.

We require the plaintiff to aver and prove an incumbrance, if that is the breach relied on. But we do not require the plaintiff to aver anything more in relation to the covenant of seisin, than a breach of it, and the burthen must be upon the defendant to show his seisin. In this case he has averred a breach of both covenants or of the compound covenant, without specifying any particular incumbrance or other paramount title. The course of the pleadings, and the conduct of the defendant on the trial, has placed the plaintiff precisely where he ought to have placed himself at the start. He was only entitled to nominal damages, since the court could not look behind the pleadings and conjecture what occasioned the breach of the covenant, the want of seisin or the existence of an incumbrance.

Judgment reversed and cause remanded.

