CARTER, Respondent, *vs.* HARBER & PELHAM, Appellants.

1. Where a note given for a quit claim deed was payable unless the grantees should within twelve months establish that the grantors had no title, *it was held,* that if the grantees failed to establish the want of title within twelve months, they could not afterwards set the same up as a defence to the note by way of failure of consideration.

*Appeal from St. Louis Court of Common Pleas.*

*Krum & Harding,* for appellants.
*Blennerhassett & Shreve,* for respondent.

RYLAND, Judge, delivered the opinion of the court.

Henry Harber and Andrew J. Pelham, on the 17th day of October, 1848, at Collinsville, made their promissory note, as follows :

"Collinsville, October 17th, 1848.

"Twelve months after date, for value received, we or either of us promise to pay William Matthews and Charles D. Willoughby, or their order, the sum of eight hundred and sixty dollars, as witnesseth our hands this date first above written.

HENRY HARBER,
A. J. PELHAM."

"For value received in full, we do hereby assign the above note to Henry J. Carter, this 8th April, 1851.

"WM. J. MATTHEWS and CHAS. D. WILLOUGHBY."

On this note, Carter filed his petition in the St. Louis Court of Common Pleas against the defendants, Harber & Pelham, at the September term, 1851.

The defendants answered the petition of the plaintiff, and admit that they made the promissory note in said petition mentioned, but deny that they ever received any value for the same. They stated that they knew nothing of the assignment of the note, and having no belief as to it, required proof.

They also stated that the said note was made by them and delivered to the payees aforesaid, under an agreement that the same should be paid only upon a certain condition, and otherwise should be void and of no effect; that, according to the terms of said agreement, the consideration of said note has wholly failed. The defendants, therefore, deny that they owe the plaintiff the said note, or any part thereof, and ask judgment of the court for their costs herein expended. The defendants filed a copy of the agreement mentioned in their answer. The case was submitted to the court without a jury. The court found that the defendants were indebted to the plaintiff, and rendered judgment against them in his favor, for the sum of one thousand and twenty-three dollars and forty cents.·

The following was the finding of the court: " The court finds the facts to be as follows: that the note sued on was assigned to the plaintiff; that the same was for a valuable consideration; that said Harber did fail to make it appear, by due course of law, within twelve months from 17th October, 1848, that William Matthews and Charles D. Willoughby, and their lawful wives, had no claim, as heirs, to the tract of land mentioned; whereupon the court declares, that the plaintiff is entitled to recover the debt and interest." Judgment was given for $1,023 40.

Motion for review was made and overruled. The defendants excepted, and bring the case here by appeal.

The following is the agreement set up in defendants' answer, as it appears in the bill of exceptions :

" State of Illinois, ⎰
" Madison county. ⎱

" This certifies that we, the undersigned, have this 17th day of October, A. D. 1848, received an obligation, signed by Henry Harber and A. J. Pelham, for the sum of eight hundred and sixty dollars, payable twelve months from date, which note or obligation was given in consideration and in consequence of the undersigned and their wives having this day

given to the said Henry Harber their quit claim deed to the fractional section seven, in township two north of range eight west, containing three hundred and thirty-four acres and thirty-four-hundredths of an acre, and lies in St. Clair county, and state of Illinois : Now, it is expressly understood, that if the said Henry Harber shall fail to make it appear, by due course of law, within twelve months from this date, that the undersigned and their lawful wives have no claim, as heirs, to the foregoing and described tract of land, then in case of such failure on the part of said Henry Harber, the said note or obligation shall faithfully be paid. In testimony whereof, we have hereunto set our hands, this 17th day of October, A. D. 1848. (Signed,)

"WM. MATTHEWS and CHAS. D. WILLOUGHBY."

The defendants then offered to read in evidence certain depositions filed in the case, on their part, for the purpose of showing, according to the terms of said agreement, that neither said Willoughby nor Matthews, nor the wife of either, had, at the time of the execution of said note, any claim, as heirs, to the tract of land described in said agreement, and in which agreement it is admitted by the said Willoughby and Matthews, that the consideration of said note was the execution by the said Willoughby and Matthews and their respective wives, of a quit claim deed for the said tract of land. To the reading of said depositions the plaintiff objected, which objection the court sustained. The defendants excepted.

1. From this statement, it appears that the rejection of the depositions offered by defendants below forms the principal ground on which they rely for reversal. These depositions do not appear on the record, and it is out of the power of this court to know what the facts deposed to were, otherwise than by the statement in the bill of exceptions, that the defendants offered depositions for the purpose of showing that neither Willoughby nor Matthews, nor their wives, had any claim, as heirs, to the tract of land described in said agreement.

Take the most favorable view of these depositions allowed by the bill of exceptions, and let them be received in evidence, they do not prove a compliance with the agreement by which the note was to be discharged. It is obvious that these parties dealt about a disputed or uncertain title to the land mentioned. The agreement shows that the note was given for and in consideration of the quit claim deed of Willoughby and Matthews, and their wives, to the tract of land mentioned in the agreement, to said Henry Harber. Now the obligors in the note undertake to pay it, well knowing its consideration, unless said Henry Harber shall, by due course of law, within twelve months, show that neither Willoughby nor Matthews, nor their wives, had any claim, as heirs, to the land mentioned in the quit claim deed. The obligors not only give their note, but they take upon themselves the burthen of proof that the obligees and their wives have no claim, as heirs, to the land, and this, too, by due course of law, and within twelve months. Unless this is done, the note shall be faithfully paid.

Now there cannot be a failure of consideration in a note executed for a quit claim deed to a tract of land, in ordinary cases, according to the common understanding of the terms, there being no fraud nor fraudulent representations; for, whatever title the grantor in such a deed has, whether good or worthless, the grantee agrees to pay so much; the grantee will not then be permitted to allege a want of consideration, when he finds the title worthless, in bar to an action for the purchase money. Suppose in the case before the court, there had been no other agreement than the purchase of the title of Willoughby and Matthews and of their wives, to the land, and the execution of the quit claim deed to Harber, and the note for the purchase money due in twelve months; at the maturity of the note, Harber finds the grantors had no title to the land; could this be a defence to a suit on the note? Can it be said, that the consideration of such an agreement has failed? The grantors, in a quit claim deed, have no title; well, what did

they sell? Their title, whatever it might be, good or bad, or nothing. It was supposed to be as much in the knowledge of the grantee as grantors; he ran the risk of title, whatever it might turn out to be; he gave his note for the quit claim deed, and he must pay it. Now does the strange and singular agreement in this case, change the liability of the obligors? What is the effect of this agreement? Without it, the obligors were bound to pay; with it, the obligors had the power to avoid the payment, upon condition that in twelve months from the date, by due course of law, they could show that the grantors and their wives had no claim to the land sold, as heirs. This condition, then, was for the benefit of the grantees; if they fail to comply, the contract is obligatory and may be enforced. It is their agreement, and as they made it, they must abide by it. Its strange and unusual terms and stipulations do not authorize the courts to change the contract of the parties.

The judgment of the court below must be affirmed, and the other judges concurring, is affirmed.