COCKRELL v. PROCTOR ET AL., APPELLANTS.

65  41
63a 306

65  41
71a 64

65   41
92a ⁵435

1. **Evidence**: PRESUMPTION. A deed will be presumed to have been properly excluded from evidence, when the reasons for its exclusion do not appear in the record.

2. **Instructions** should not be given upon an issue in relation to which there is no evidence before the jury.

3. **Covenant of Seizin**: PRACTICE: BURDEN OF PROOF. Where in an action on a covenant of seizin the defendant admits the covenant and alleges seizin in himself at the date of the deed, it devolves upon him to prove the seizin, and if he fails, the plaintiff will recover.

4. **Covenant of Seizin**: PARAMOUNT TITLE. The existence of a paramount title, whether asserted or not, is a breach of the covenant of seizin, whether it be express, or be implied by the words, "grant, bargain and sell."

5. **Paramount Title**: ABANDONMENT OF PREMISES: FAILURE TO OCCUPY: MEASURE OF DAMAGES. If a grantee fails to take possession of unoccupied premises conveyed by his deed, or having taken possession abandons them, he can recover of his grantor nominal damages only for breach of his covenant of seizin, unless there was a hostile assertion of a paramount title.

*Appeal from Dade Circuit Court.*—J. D. PARKINSON, Judge.

*Morgan & Buler* and *H. H. Harding* for Appellants.

1. The plaintiff might have ignored the statutory covenants, and declared upon the special covenants contained

in the latter clauses of the deed, and had he done so, he would perhaps have been entitled to recover full damages without evidence of eviction or the purchase of a paramount title; but he chose to declare upon the compound covenants, alleging that the defendants were not seized of an indefeasible estate in fee simple. Having done so and failed to prove an eviction or the purchase or even existence of a paramount title or encumbrance, he cannot recover more than nominal damages. *Moseley v. Hunter,* 15 *Mo.* 322; *Maguire v. Riggin,* 44 *Mo.* 512.

2. Plaintiff having been either actually or constructively in possession of all the land, an eviction must be shown to entitle him to more than nominal damages.

3. Upon the pleadings the burden of proof of title devolved upon the defendants and that of damages on the plaintiff. No legal evidence upon the subject having been introduced by either side, the damages should have been only nominal.

4. The rule that the measure of damages on a broken covenant of seizin is the consideration paid, is predicated upon the principle that that covenant, if broken at all, is broken the instant it is made, and consequently cannot run with the land; but the statutory covenant of seizin runs with the land, and where possession is taken, as it was in this case, an eviction or a forced purchase of a paramount title must be shown before substantial damages can be recovered. *Chambers v. Smith,* 23 *Mo.* 174.

*T. H. Walser,* for respondent.

1. The covenant of seizin is a personal covenant; it is in the present tense, which, if broken at all, is broken at the moment of its creation, and is immediately converted into a mere chose in action, which is incapable of running with the land; the breach extinguishes the covenant. This rule is subject to the exception that, when possession accompanies the conveyance, the covenant is transformed

into one of indemnity only, and the measure óf damages in that event is the actual loss sustained; and the right of action runs with the land and enures to the party in whom the right of substantial recovery exists. The covenant of seizin runs with the land when possession is taken under the deed; but where there is no title in the grantor, and possession has not accompanied the deed, the covenant is broken the moment it is made. *Tapley v. Labeaume*, 1 Mo. 552; *Rawl on Cov.*, 318; *Reese v. Smith*, 12 Mo. 347.

2. In declaring on the breach of covenant of seizin of an indefeasible estate in fee, it is only necessary for the plaintiff to negative the covenant generally. *Rawl on Cov.*, 82; *Pollard v. Dwight*, 4 Cranch 430. A reconveyance was not necessary. *Lawless v. Collier*, 19 Mo. 480.

3. The burden of proof as to title was on the defendants; having introduced no evidence at all, the judgment as a matter of law would have been for the plaintiff, but the measure of his recovery could only be ascertained from proof, which was afforded by the evidence, which even went further: it was to the effect that the defendants had no title, that they were not in possession themselves when they made the deed, and did not put the plaintiff into possession. If that is true, (and the Court as a jury found it was, and this Court will not enquire into the weight of evidence,) then the finding was for the right party, and the amount fell below the true amount of damages, instead of being excessive.

4. Defendants cannot shift responsibility from their own shoulders by imposing it on their grantee to aver and prove at his peril any particular outstanding title. *Rawl Cov. Tit.*, 4th ed. 84, note 2; *Abbott v. Allen*, 14 John. 253. They pleaded that they were lawfully seized of the premises. Upon this question they assumed the affirmative; it was to their interest to prove it, as it would operate as a bar to the action. The presumption was that they were not seized of any estate whatever, on their failure to introduce the evidence of title, which is always presumed to be

in the possession of the covenantor, and upon that failure the plaintiff, on introducing his deed, is entitled to judgment, as of an entire failure of title. *Schofield v. Iowa Co.* 32 Iowa 321 ; *Rawl Cov. Tit.* 4th ed. 84, note 3.

HENRY, J.—This was an action commenced in the Barton Circuit Court by plaintiff, to recover damages for an alleged breach of the covenant of seizin, in a deed executed to him by defendants in 1866, conveying the east $\frac{1}{2}$ of the south-west $\frac{1}{4}$ of section 19, township 32, of range 30, the east $\frac{1}{2}$ of the north-west $\frac{1}{4}$ of section 8, east $\frac{1}{2}$ of section 5, south-west $\frac{1}{4}$ of section 5, east $\frac{1}{2}$ of north-west $\frac{1}{4}$ of section 5, north-west $\frac{1}{4}$ of north-west $\frac{1}{4}$ of section 5, all of section 22, south-west $\frac{1}{4}$ of section 14, and the east $\frac{1}{2}$ of south-east $\frac{1}{4}$ of section 14, all in township 32, range 31, and lying in Barton County. The deed conveyed the land by the words *grant, bargain and sell*, and there was also an express covenant that the grantors were seized of an indefeasible estate in fee simple in the premises, and the breach assigned was, that said grantors were not, at the date of the delivery of the deed, seized of an indefeasible estate in fee simple in said lands, and plaintiff alleged that they were not then in possession of any portion of said land, and that plaintiff has never been in possession of the same, or any part of them. In his petition plaintiff does not specify any particular incumbrance or paramount title. Defendants by their answer admit the execution of the deed, and aver that they were, at the date of the deed, seized of an indefeasible estate in fee simple in the said land, and that plaintiff entered upon and held the possession of said land under the deed. On the trial in open court plaintiff entered a disclaimer as to damages for breach of the covenant as to the following tracts of said land, viz : east half of section 5, north $\frac{1}{2}$ of north-west $\frac{1}{4}$, and south-west $\frac{1}{4}$ of north-west $\frac{1}{4}$ of section 5, and the east half of north-west $\frac{1}{4}$ of section 8. The evidence proved that plaintiff, or those claiming under him, were at the trial in possession of the last described land;

that in 1866, after the execution of the deed, plaintiff entered into the possession of section 22, and that one of his sons built a house upon it, and in 1867 abandoned the possession, learning, as he alleges, that he had no title to the land. There was no suit against him, or demand made of him, for the possession of the land, or any portion of it, nor was any portion of the lands in the actual possession of any one else.

I.   Plaintiff introduced in evidence a deed from Theodosia Smith, administratrix of Albert J. Smith's estate to himself, conveying to him the east ½ of southwest ¼ of section 19, above described, dated March 21st, 1867, the consideration named therein being $560, but at the conclusion of the evidence the court excluded it. The case was tried in the Dade Circuit Court, (to which it had been taken by change of venue), by the court, without the intervention of a jury, and plaintiff had a verdict and judgment for $3,374, and the defendants have brought the case here by appeal.

*1. EVIDENCE: presumption.*

II.   For plaintiff, the court gave the following declarations of law: *First*—The defendants having failed to show any title in them for section 22 and the east ½ of the south-east ¼ of section 14, and the south-west ¼ of section 5, township 32 of range 31, the finding should be for plaintiff.   *Second*—If the court find from the evidence that plaintiff bought in a paramount title to the east ½ of the south-west ¼ of section 19, township 32, of range 31, the finding should be for plaintiff, and the damages assessed at the amount paid by said Cockrell for said land, with six per cent. interest from date of payment to date.   The *third* instruction declared the measure of damages to be the value of the land as estimated by the parties, each tract at the price fixed upon it in the trade, with six per cent. interest from the date of the deed, where no possession was had, and from the time that the beneficial possession ceased in any tract of which plaintiff had possession.   The defendant asked the court to declare the law as follows, substan-

*2. INSTRUCTIONS.*

tially: that plaintiff, having taken possession of section 22 and abandoned it, could not recover more than nominal damages for that tract; that plaintiff could not, without offering to reconvey, recover more than nominal damages in regard to the east ½ of section 14 and the south-west ¼ of section 5; that, under the testimony, plaintiff was entitled to nominal damages only. The court refused to give these declarations of law.

III. Defendants alleged seizin in themselves at the date of the deed, and it devolved upon them to prove it, **3. COVENANT OF SEIZIN: practice: burden of proof.** and as they offered no evidence to show that they were so seized, the first instruction was properly given. *Bircher v. Watkins* 13 Mo. 522.

After excluding the deed from Smith's administratrix to plaintiff, there was no evidence to warrant the second instruction given by the court at the instance of the plaintiff. Why it was excluded, does not appear, but we assume that the action of the court in excluding the deed was proper. Because the court gave that instruction, the judgment should be reversed; but as the cause will be remanded to be retried, we will briefly consider the other questions presented by the record.

IV. The existence of a paramount title, whether asserted or not, is a breach of the covenants of seizin specif- **4. ————: paramount title.** ically expressed in the deed, as well as of that contained in the words *grant, bargain* and *sell* employed in conveying the lands. Where, under the deed, the grantee takes possession of the premises conveyed, he can recover only nominal damages until he has been compelled by the assertion of the paramount title to yield the possession to the claimant. *Collier v. Gamble* 10 Mo. 467, *Bircher v. Watkins*, 13 Mo. 521, *Dickson v. Desire's admr.* 23 Mo. 151, *Murphy v. Price*, 48 Mo. 247.

V. If the lands conveyed had been in the possession of a stranger, holding at the date of the deed under a para-

5. PARAMOUNT TITLE: abandonment of premises: failure to occupy: measure of damages. mount title, as nothing would have passed to the grantee by the deed, the covenant would have been broken as soon as made, and substantial damages could have been recovered by the grantee. But in the case at bar, plaintiff had actual possession of all of the lands, except two small tracts, and might have taken possession of those, as they were, like the balance, unoccupied, and so continued to the time of the trial. He had no right to abandon the possession of section 22, in the absence of a hostile assertion of a paramount title, and claim substantial damages for a breach of the covenant of seizin. In regard to the tract of land conveyed, which the plaintiff did not, but might have, taken possession of, the rule is the same. He must act in good faith toward his grantor, and make the most of the title he has acquired, and only yield possession to the hostile assertion of a paramount title, either by a suit to recover the land, or a distinct assertion of the paramount title and a demand of possession. The second and third instructions were erroneous.

Judgment reversed and cause remanded. All concur except NORTON, J., not sitting.

REVERSED.