M. D. LEWIS, ADMINISTRATOR, ETC., OF WILLIAM F. ROGERS, Plaintiff in Error, v. H. WEST, ADMINISTRATOR, ETC., OF THOMAS J. ROGERS, Defendant in Error.

Kansas City Court of Appeals, December 6, 1886.

VENDOR AND VENDEE—COVENANTS OF WARRANTY—CONSIDERATION —CASE ADJUDGED.—It is a settled rule that a vendee of land, who has received a deed with covenants of warranty, *and who has been let into possession*, cannot, when sued at law on the notes given for the purchase money, set up the defence of a want or failure of consideration, without showing an actual eviction.  But that rule does not apply to a case (such as this is) in which the deed conveys an *unknown, uncertain* and *undetermined interest in the land*, and

where the failure of consideration is total it may be set up to defeat recovery upon the note.

ERROR to Cass Circuit Court, HON. NOAH M. GIVAN, Judge.

*Affirmed.*

Statement of case by the court.

This was an action by the plaintiff, as administrator of the estate of Wm. F. Rogers, against the defendant, as administrator of the estate of Thos. J. Rogers, on a promissory note executed by Thos. J. Rogers and payable to William F. Rogers. This proceeding was instituted in the probate court, where the plaintiff had judgment, from which the defendant appealed to the circuit court.

William F. Rogers and Thos. J. Rogers were brothers, sons of Willis C. Rogers, who died in Kentucky, seized and possessed of certain real estate, leaving a will. By his will it was provided that all of his real estate be sold and the proceeds thereof be distributed in the manner provided by the will. As to his son, William F. Rogers, it was provided as follows:

"To my son, William F. Rogers, I will and bequeath out of the proceeds of said sale the sum of one dollar, it being his full share of my estate, both real and personal."

The father, Willis C. Rogers, died February 6, 1883. On March 13, 1883, Thos. J. Rogers executed the note in suit in consideration of William F. Rogers executing a deed, the granting clause of which, omitting formal parts, is as follows: "I, William F. Rogers, * * * do hereby grant, bargain and sell and convey to the said Thomas J. Rogers, his heirs and assigns forever, all and singular my right, title and interest, in and to a certain undivided tract of land, situate * * *, and of which said tract of land the late Willis C. Rogers died seized, and bounded as follows: * * *, and all the estate,

title and interest of the said William F. Rogers, either in law or in equity of, in and to the said premises * * *."

The said deed contained the following covenant, "And the said William F. Rogers, for himself and for his heirs, executors and adminstrators, does hereby covenant with the said Thomas J. Rogers, his heirs and assigns, that he is the true and lawful owner of the said premises, and has full power to convey the land. That the title so conveyed is clear, free and unincumbered, and, further, that he will warrant and defend the same against all claim or claims of all persons whomsoever."

William F. Rogers died in September, 1883 ; and Thomas J. Rogers died a few days after his brother died.

That the note and deed were executed in consideration of each other was made to appear by oral testimony. It was also shown by such testimony that William F. Rogers intended to convey and that Thos. J. Rogers intended to buy the interest which William F. Rogers would have had as an heir in his father's estate, if it had not been for the will made by his father. The defendant introduced oral testimony tending to prove that, at the time of the execution of the deed and note, it was understood and agreed between the parties that, as a condition precedent to any liability on the part of Thomas J. Rogers on account of said note, William F. Rogers would set aside the will of the said Willis C. Rogers, and place Thomas J. Rogers in possession of the land mentioned in the deed. To the introduction of all which evidence the plaintiff objected.

For the defendant the court, who tried the case without the intervention of a jury, gave the following declarations of law :

"1. If the court shall believe and find from the evidence that the note sued upon was executed by Thomas Rogers to William F. Rogers for the purchase price of real estate described in the deed read in evidence

from said William Rogers, and that the said William Rogers was not the owner of real estate nor any interest therein, then there was no consideration for said note, and the finding should be for the defendant."

"2. If the court shall believe and find from the evidence that said William Rogers was son of Willis C. Rogers, deceased, and that prior to the execution of the note sued on said Willis C. Rogers had made a will by the terms and provisions of which he bequeathed to said William F. Rogers the sum of one dollar only, and the said William F. Rogers undertook and promised the said Thomas J. Rogers to have said will set aside, and put said Thomas J. Rogers in peaceable possession of such interest in or property belonging to the estate of said testator as he, the said William F. Rogers, would have been entitled to if said will were set aside, and that said note was executed for such interest, on the faith and promise aforesaid, that said will would be set aside and said Thomas J. put in possession of said property; and if the court further believe and find from the evidence that said William F. Rogers failed to have said will set aside and put said Thomas J. Rogers in possession of such interest or property, then the consideration for said note has failed, and the finding should be for the defendant."

The court found for the defendant and the plaintiff has appealed.

C. W. SLOAN, for the plaintiff in error.

I.   The court should have sustained the demurrer of plaintiff to defendant's evidence, there being no legal or competent evidence which constituted a defence.

II.   The court erred in admitting parol testimony to vary and contradict the terms of the note sued on, or to show that the same was only to be paid conditionally. *Jones v. Jeffries*, 17 Mo. 577; *Smith's Adm'r v. Thomas*, 29 Mo. 307; *Benson's Adm'r v. Harrison*, 39 Mo 393;

*Bunce, Adm'r, v. Beck, Ex'r,* 43 Mo. 266; *Ely v. Kilborn,* 5 Denio (N. Y.) 514.

III. The court erred in admitting the evidence of J. P. Rogers as to declarations made by William F. Rogers, long subsequent to the execution of the note, there being no consideration for the promise then made. Cases cited *supra; Wharton v. Foundry Co.,* 1 Mo. App. 577; *Pearson v. Carson,* 69 Mo. 550; *Henning v. Ins. Co.,* 47 Mo. 431.

IV. The court erred in giving instructions asked by defendant, and refusing instructions asked by plaintiff—no fraud or misrepresentation in procuring the note being shown by the evidence. Sect. 547, Rev. Stat.; *Crow v. Harmon,* 25 Mo. 417; *Carr v. Card,* 34 Mo. 573; *Williams v. Jensen,* 75 Mo. 681; *Armstrong v. Winfrey,* 61 Mo. 354.

V. There was sufficient consideration for the execution of the note. See cases last cited. The evidence tended to show defendant was in possession of land at his death. *Conner v. Eddy,* 25 Mo. 75; *Mitchell v. McMullen,* 59 Mo. 252; *Cartwright v. Culver,* 74 Mo. 179; *Hunt v. Marsh,* 80 Mo. 398.

VI. There being no evidence of fraud or misrepresentation, and possession having been given, and no ouster or eviction shown, there was no failure of consideration. Cases last cited; *Wheeler v. Shandly,* 50 Mo. 509.

VII. The court erred in admitting evidence of the deed and will and of witnesses and depositions, because no defence was shown. And so as to appointment of administrator in Kentucky and of *committee.* And so in admitting hearsay evidence as to how the possession of the land was obtained.

WOOLDRIDGE & DANIEL, for the defendant in error.

I. The defence is a failure of consideration. In an action between the original parties the consideration may be inquired into. *Klein v. Keyes,* 17 Mo. 326;

Sect. 3725, Rev. Stat.; *Williams v. Mellon*, 56 Mo. 262; *Boogher v. Knapp*, 76 Mo. 455; *Murphy v. Gay*, 37 Mo. 535.

II. There was no error in giving instructions asked by defendant. It was based on the theory that the consideration for the note had failed, and all the evidence offered by the defence sustained the instruction. So there was no error in refusing plaintiff's, based on fraud, for we neither have or do claim note was obtained by fraud.

III. There was no error in admitting testimony. It is all competent and strongly tends to support the defence herein made.

HALL, J.—The contract between William F. Rogers and Thomas J. Rogers was executed by the delivery of the deed by the former to the latter. In the absence of fraud, and there was a total absence of fraud in this case, the terms of the contract were to be explained and governed by the terms of the deed into which the former had merged, and the purchaser's only right for relief depended upon the covenants for title which he had received. Rawle on Con. for Title, 459. The terms of the written contract could not be added to or varied by oral testimony. *Pearson v. Carson*, 69 Mo. 551, and cases cited; *Ely v. Kilborn*, 5 Denio, 515.

Had the deed conveyed by quit-claim the grantor's right, title and interest in the land, in the absence of fraud on the part of the grantor, the total want of title in the grantor would not have constituted a want of consideration for the note. The execution of the deed would have been a sufficient consideration. *Carter v. Harber*, 18 Mo. 207. Nor would it have been competent for the grantee or his representative to have shown, in an action on the note, that the contract contained a warranty of the grantor's right, title and interest, or that it contained any terms or conditions other than those named in the deed.

The words of the granting clause of the deed, conveying the grantor's right, title and interest in and to the land, were only effectual to convey that which the grantor had the lawful right to convey. *Farrar v. Patton*, 20 Mo. 83. But what was the effect of the covenant of warranty contained in the deed? It would seem, perhaps, that the warranty, though general in its terms and broader than the terms of the grant, should be held to be co-extensive with the grant, rather than to extend the grant. *Bogy v. Shoab*, 13 Mo. 380. To so hold is in the interest of the plaintiff.

Holding the warranty to have such effect only, we find that by the deed the grantor did not quit-claim his right, title and interest in and to the land, but that he conveyed such right, title and interest warranting that he had *some* right, title and interest to convey.

And if, in fact, the grantor had no right, title or interest to convey. the deed conveyed nothing; there was a total failure of consideration, and the note was *nudum pactum*.

It is a settled rule that a vendee of land who has received a deed with covenants of warranty, and who *has been let into possession*, cannot, when sued at law on the notes given for the purchase money, set up the defence of a want or failure of consideration, without showing an actual eviction. *Hunt v. Marsh*, 80 Mo. 398, and cases cited.

In this case, under the construction which we have made of the deed, the grantor did not undertake to convey the fee-simple title to the land, but he simply undertook to convey the right, title and interest had by him. That right, title and interest were claimed to be the share of an heir in the land left by the grantor's father. The father left numerous heirs, and had the will been invalid, the grantor would have had only an undivided interest in the land, and such interest did he claim. The grantor could not have put the grantee in possession of said interest until the land had been partitioned or

divided among the heirs according to law, and such partition could not have taken place until the will had been set aside. The rule to which we have referred can have no application to this case. That rule does not apply to a case in which the deed conveys *an unknown, uncertain and undetermined interest in the land*. But to such a case would seem to apply the principle, on which is based the rule, that the covenants of seizin are broken as soon as made when the land conveyed is in possession of a stranger, at the date of the deed, under a paramount title, and substantial damages are recoverable by the grantee. *Cockrell v. Proctor*, 65 Mo. 46.

Inasmuch as the grantor warranted that he had some right, title and interest in the land to convey; inasmuch as it was impossible for the grantor to place the grantee in possession of the only interest claimed by the grantor in the land, until the will had been set aside, it does not appear how any harm could have been done to the plaintiff by the second declaration of law given for the defendant. This is true because the parol undertaking and promise on the part of the grantor, referred to in the said declaration of law, were in effect contained in the written warranty. By taking a warranty the grantee showed conclusively that he bought an interest in the land and not a law suit. The law suit was the grantor's. Until placed in possession of some interest had in the land, unless, indeed, the grantor had an interest therein which the grantee could have lawfully taken possession of, the grantee did not have to pay any part of the purchase price of the land.

And no harm was done to the plaintiff by said declaration of law for another reason. Under the will the grantor in the deed had no right, title or interest whatever in the land. The will not having been set aside was binding in this case. There was a total want of consideration, therefore, because the grantor had no right, title or interest which he could convey, and the judgment must have been for the defendant.

It follows from what we have said that it was proper for the defendant to prove by oral testimony that the note in suit was executed in consideration of the execution of the deed by William F. Rogers, and that said Rogers had no right, title or interest described in said deed; that no harm was done to the plaintiff by the introduction of the evidence, objected to by him, to prove certain facts not material to the real issue, because it clearly appeared from competent proof that there was a total want of consideration for said note; and that the judgment was for the right party.

The judgment is affirmed. All concur.