## SARGEANT vs. DOWNEY.

*May 13 — May 27, 1880.*

*(1) When deposit made at depositor's risk.    (2) Pleading.*

1. An agent who deposits money of his principal to his own credit in a bank, without the principal's consent, takes all the risk of such deposit.
2. When an unverified complaint for money of the plaintiff converted by defendant, shows defendant's liability, but the *amount* due depends on an accounting, plaintiff, even on default of an answer, must still make proof of the amount; and an answer which admits all the facts alleged in the complaint except as to the amount due, and contains no averments which will excuse defendant from accounting to plaintiff, is insufficient.

APPEAL from the Municipal Court of the *City of Ripon.*

The case is thus stated by Mr. Justice TAYLOR:

"This is an appeal from an order of the municipal court of the city of Ripon, sustaining the demurrer of the plaintiff to the answer of the defendant. This case was before this court on an appeal from a similar order, and the decision will be found in *Sargeant v. Downey*, 45 Wis., 498. In that case, as in this, the plaintiff alleges that in 1875 the defendant was the owner of a cheese factory; that on or about May 1, 1875, the plaintiff agreed with the defendant to send his milk to said factory to be made into cheese by the defendant; that defendant agreed with plaintiff to receive his milk, make it into cheese, sell the cheese, and receive and reserve from the sale the sum of two per cent. of the amount of said sales as his compensation for making and selling the cheese, and pay the balance to the plaintiff. The complaint further alleges that under this agreement the plaintiff delivered and the defendant received the said milk of the plaintiff, and manufactured the same into cheese and sold the same, reserving the sum of two per cent. as per agreement, and refuses to pay the plaintiff the sum due him, but has converted the same to his own use, to the amount of $84.23; and it demands judgment for that sum, with interest.

"The defendant's amended answer commences by denying each and every allegation in the complaint, except as thereinafter expressly admitted, and then alleges, as a further answer, that for several years prior to 1875, and during that year, the defendant carried on a cheese factory, and had been taking the milk of the patrons of said factory, and working the same into cheese, and making sale of the same for and as the agent of said patrons, and depositing the same in the bank of Waupun, known as the Corn Exchange Bank or Hobkirk Bank, in his own name, until sufficient returns from sales were received to show the share of each patron for a month's time, or other convenient time, and then drawing checks therefor, as each patron might call for the same, for the amount due him on such sales; that the same was done in 1875, in regard to all the cheese

made, and such money deposited with such bank as usual; that said bank was in good repute, and generally reputed to be solvent; that such funds were kept separate and apart from other funds of the defendant; that before sufficient funds had been received from sales to show what sums would be due to the defendant, or any of said patrons, and before plaintiff had called for any of said funds, and on or about the ———— day of August, said bank became insolvent, and said money, or nearly all of it, was lost, without any neglect or fault of defendant; and that said plaintiff had supplied milk to said factory, which had been manufactured into cheese by the defendant, and sold with other cheese of said patrons, and the money from the same deposited and lost as aforesaid; and it denies that he has received any compensation for manufacturing the cheese for the plaintiff; and again alleges that, when the bank failed, sufficient returns from sales had not been received by the defendant to show the separate share of the plaintiff, or of any other patron, in the fund deposited in the said bank.

"The plaintiff demurred to the amended answer because it does not state facts sufficient to constitute a defense, specifying certain reasons therefor, which need not be stated."

Defendant appealed from an order sustaining the demurrer.

The cause was submitted on the brief of *E. L. Runals* for the appellant, and briefs of *W. W. D. Turner* for the respondent.

TAYLOR, J. We are of the opinion that the municipal court was right in holding that no defense to the plaintiff's action was shown in the answer. The plaintiff's complaint, without stating any quantity of milk delivered under his contract with the defendant, received by him and manufactured into cheese, and sold by him, alleges that he furnished a quantity of milk under the contract, which was received by the defendant, manufactured and sold, and the money received by the defendant and converted to his own use, and alleges the amount so con-

verted to be the sum of $84.23. Under this complaint, the pleadings not being verified, if the defendant had made default, the plaintiff would have been compelled to prove the amount of money received by the defendant for the cheese manufactured out of his milk, and sold by defendant, before he could recover; and as the answer expressly admits that the plaintiff did deliver milk to the defendant, that he did manufacture it into cheese, and did sell such cheese and receive the money therefor, and did not account to the plaintiff for the money so received, but deposited it in the Waupun bank, which became insolvent and failed before the plaintiff demanded the same of him, whereby the money was lost, and sets up this loss as a defense for not accounting to or paying the same to the plaintiff, it seems very clear that the plaintiff's cause of action is expressly admitted, except as to the amount claimed in dollars and cents, and that amount the plaintiff would be compelled to prove whether there was an answer in or not. The answer having admitted the plaintiff's cause of action, unless it also contains facts which, if proved, would excuse the defendant from accounting to the plaintiff for the money received by him on the sale of the cheese, it does not state facts constituting a defense.

The facts alleged, by way of excuse for not paying over the money, are, that it was his custom to deposit the money received by him on the sale of the cheese manufactured from the milk of his patrons in the Waupun bank, in his own name, and to his own credit, and, at stated periods, when he ascertained the amount due to each patron, to pay that amount by his check on the bank, and that he kept the money so received on deposit in the bank separate from his other funds; but he does not allege that this fact was known to any of his patrons, nor that it was known to the plaintiff; and the allegation that he paid his patrons in his own checks on the Waupun bank would not tend to prove any notice to his patrons that he kept the money derived from the sale of the

cheese of his patrons as a separate fund in said bank. It seems to us quite clear that, unless there was an express or implied agreement on the part of the patrons of the defendant that he should deposit in the bank in his own name the money received on the sales of cheese manufactured from their milk, there can be no pretense that in case of loss of the money the loss should fall upon them. When the agent deposits in his own name the money of his principal in a bank, without an express or implied authority from the principal to do so, such deposit is a conversion of the money to the use of the agent, as much as if he loaned the same to his neighbor and took his note for it. The deposit is a loan to the bank, and the depositor becomes the creditor of the bank for the amount of his deposit. When, therefore, the agent deposits money of his principal to his own credit in a bank, or loans it to an individual, unless it be done with the consent of the principal, the agent takes all the risks which attend such deposit or loan. Story on Agency, § 208, note 2, and cases cited. As there is nothing in the answer which shows, or tends to show, that the deposit in the Waupun bank was made with express or implied assent of the plaintiff, the failure of the bank is no excuse for the non-payment of the money to the plaintiff.

*By the Court.*— The order of the municipal court is affirmed, and the cause remanded for further proceedings according to law.