WARD v. ASHBROOK, *Appellant.*

**Breach of Covenant against Incumbrances: DAMAGES.** An inchoate right of dower existing at the date of a deed containing a covenant against incumbrances, and the demand of dower after it becomes consummate, will constitute a breach of such covenant; and the covenantee may by purchase thereafter extinguish the dower and recover a reasonable price paid therefor as damages for such breach.

*Appeal from the Common Pleas Court of Tipton, Moniteau County.*—HON. E. L. EDWARDS, Judge.

AFFIRMED.

*J. F. Taylor* and *John Cosgrove* for appellant.

*J. E. Hazell* and *Draffen & Williams* for respondent.

MARTIN, C.—This was a suit for breach of covenant against incumbrances. By his deed of September 28th, 1869, the defendant conveyed the land in controversy to Mary J. Hardy and therein covenanted with her and her

heirs and assigns, that he was seized of an indefeasible estate in fee simple in the premises conveyed, and that said premises were free and clear from any incumbrances done or suffered by him or those under whom he, claimed, and that he had good right to convey the same.   On the 23rd day of March, 1875, said Mary J. Hardy conveyed the same to plaintiff with the statutory covenants of title.   The plaintiff, as the assignee of the defendant's covenants, brought suit upon them, alleging that an incumbrance existed in the form of a dower right in favor of the widow of the owner under whom defendant derived title, that dower had been demanded by her, and that he had been compelled to pay $100 in order to extinguish her interest and estate, and that this sum represented its reasonable value.   The answer consisted of a general denial, with an averment that the widow referred to by plaintiff had previously released to defendant her inchoate right of dower by deed of September 24th, 1869.   This was denied by plaintiff in his replication.

The case was tried by the court without a jury.   The following is an agreed statement of facts :

"It is agreed that on the 2nd day of April, 1864, defendant purchased land, at sheriff's sale, under a distress warrant against A. B. Fisher, who had, at the time, the legal title ; that the defendant sold the land to Mary J. Hardy and conveyed the same to her by deed containing the covenants mentioned in the petition ; and that Mary J. Hardy sold and conveyed the same to plaintiff by deed containing the covenants mentioned in the petition.   It is further admitted that at the time defendant purchased at sheriff's sale, Mrs. Martha Fisher was the wife of A. B. Fisher, and had dower in the land, and that afterward, during the lifetime of her husband, to-wit, on the 24th day of September, 1869, Mrs. Fisher made a quit-claim deed to the defendant, but in this deed her husband did not join ; that afterward, A. B. Fisher died, and his widow intermarried with one Stewart, and they made demand for her

dower, and plaintiff paid $100 for a relinquishment of the same, and if she had a dower interest at that time, it was reasonably worth $100."

There was some other evidence admitted corroborative of this statement, and some excluded which was contradictory of it. The previous release of dower right by the widow which was pleaded by defendant consisted of a deed made by her in the lifetime of her husband to which he was not a party. This deed was properly excluded. It was next maintained by defendant that the plaintiff had parted with her right to sue on the covenant by conveyances of the land to one Cohn before extinguishment of the dower right resting upon the land. But this position was not supported by the evidence. No deed from the plaintiff to Cohn was offered or given in evidence. And the parol testimony is to the effect that Cohn refused to accept a deed until the dower right was paid off and extinguished by plaintiff. Judgment was rendered for plaintiff in the amount claimed, and the defendant comes here on appeal.

Under the decisions of this court the existence of a paramount right or title and the hostile assertion of it by suit or otherwise constitute a breach of the covenant sued upon. The covenantee is not bound to wait for actual dispossession under process, but may after such assertion, pay off or extinguish the right by purchase, and his measure of damages will be the reasonable value of the right so discharged or extinguished by him. *Williamson v. Hall*, 62 Mo. 405; *Maguire v. Riggin*, 44 Mo. 512; *Dickson v. Desire*, 23 Mo. 151, 157; *Kellogg v. Malin*, 62 Mo. 429; *Morgan v. Hannibal & St. Jo. R. R. Co.*, 63 Mo. 129; *Walker v. Deaver*, 5 Mo. App. 147, 139.

The agreed statement of facts gave a *prima facie* cause of action on the covenant mentioned in the petition, and there is no evidence in the record to rebut or overthrow it. According to this statement there was outstanding a dower right, which sprung from the estate of a former owner under whom defendant derived his title. This right was

demanded, which constitutes a sufficient hostile assertion of it to justify its purchase and extinguishment. The amount paid is admitted to have been a reasonable one. The fact that the deed of extinguishment was taken by the plaintiff to Cohn with whom she had a contract to sell the land instead of to herself, does not give the right of action to Cohn in face of the facts that the consideration of the deed was furnished by plaintiff, and that no conveyance to Cohn had been effected or completed prior to the deed of extinguishment. The deed of relinquishment under these circumstances would enure to the plaintiff. Upon the evidence in the case there could not have been a judgment for defendant, and it is unnecessary to review the instructions. The judgment is for the right party and is affirmed. All concur.