HUNT *et al.* v. MARSH *et al., Appellants.*

1.  **Covenant against Incumbrances:** WHEN RIGHT OF ACTION AC-
    CRUES. No right of action accrues on a covenant against incum_
    brances in favor of the vendee of land, until he suffers an ouster
    or has been compelled to extinguish the incumbrances to save his
    estate.

2.  **Vendor's Lien:** WAIVER. The acceptance by the vendor of
    other personal security than the note or obligation of the vendee,
    is only *prima facie* evidence of his intention to waive his vendor's
    lien, and may be rebutted by facts and circumstances which take
    from the act its *prima facie* import.

3.  ———: FACTS WHICH REBUT PRESUMPTION OF WAIVER. Where it ap-
    peared that the vendor sold the land in the first instance to M, that
    the deed, at the latter's request, was made to his wife and son, that
    M paid part of the purchase money, that he delivered the note with
    his name on it for the balance; paid part of this note and entered
    into the possession of the land and still holds the possession thereof,
    *Held,* these facts divest the note of its independent and collateral
    character, and rebut the presumption of an intention on the part of
    the vendor by its acceptance, to waive the lien.

*Appeal from Jackson Special Law and Equity Court.*—HON.
R. E. COWAN, Judge.

AFFIRMED.

*C. O. Tichenor* for appellant.

The covenant against incumbrances was broken when
plaintiffs executed the deed. *Williamson v. Hall,* 62 Mo.
405; *Kellogg v. Malin,* 50 Mo. 496. The dower interest
outstanding when plaintiffs executed the deed, in the widow
of their grantor, was an incumbrance. *Darrett v. Peper,* 58
Mo. 551. It is true the dower interest has not been satis-
fied by defendants, yet the land is lessened in value to the
extent of the incumbrance, which is not a personal claim
on plaintiffs; their liability is measured by these covenants,
which are broken, and when the damage is paid, there can
be no further liability. The taking of the note sued upon,

bearing the same date as the deed, is a waiver of the lien, at least in absence of evidence on part of vendors, to show that they had a different intent. *Durette v. Briggs*, 47 Mo. 362, and cases cited.

*W. E. Sheffield* for respondent.

The demurrer to the second defense was properly sustained, as defendants could not set it up while they retained possession of the premises. 15 Mo. 387; 17 Mo. 332. The acceptance of the note signed by Wm. N. Marsh, was, under the circumstances of this case, no waiver of the vendor's lien. 52 Mo. 96; 68 Mo. 198.

MARTIN, C.—This was a suit in equity to enforce a vendor's lien against certain real estate near Kansas City, and to obtain judgment on the note which was given for, the purchase money for which the lien was claimed. Ellen L. Hunt, the wife of Robert H. Hunt, was owner of the land, and alleges in her petition that on the 15th day of April, 1875, she sold the land in controversy to William N. Marsh, defendant; that at the request of said William N. Marsh, she, joining with her husband, made conveyance of the land in question to A. Marsh and Fennimore C. Marsh, defendants, who were the wife and son of said William N., for the consideration of $1,309.88; that said William N. paid down the sum of $436.63, leaving a balance of $873.35 unpaid, for which he delivered to plaintiff a promissory note in the amount thereof payable to her, signed by said A. Marsh, F. C. Marsh and by said William N., who added to his signature the word "security;" that said William N. paid two installments of interest on the note, leaving the principal thereof still due with interest; that after the purchase said William N. entered into possession of the premises so conveyed, and is still in the possession thereof; that said Ellen L. Hunt is entitled to a vendor's lien for the purchase money so remaining unpaid, and, therefore, asks for

a judgment on the note and a decree enforcing it against the land.

The answer purports to set forth two defenses. In one it is alleged that the deed of conveyance contained covenants of warranty and against incumbrances, which had been broken by the existence of a right of dower still outstanding; that the dower right is worth $800; that the vendees have been damaged in said sum by reason of the breach of covenants aforesaid, which they asked to be allowed against the note sued on.

In the other defense it is alleged that the right to a lien was waived by Mrs. Hunt, when she accepted a note for the purchase money, signed by said Wm. N. Marsh, as mentioned in the petition.

On motion of plaintiffs, the defense relating to the lien was stricken out. The plaintiffs demurred to the other defense relating to breach of covenants, and the court sustained the demurrer. This action of the court left the defendants without any defense to the suit, and judgment was rendered according to the prayer of the petition, from which they have appealed.

The court did not err in sustaining the demurrer to the defense on the covenants. It failed to state an eviction either actual or constructive. It also failed to state a payment of the dower or other extinguishment of the dower right. It has long been settled that these covenants run with the land and inure to the owner who suffers ouster or who is compelled to extinguish the incumbrance to save his estate. No substantial injury happens before this, and no right of action accrues before. *Dickson v. Desire,* 23 Mo, 151; *Ward v. Ashbrook,* 78 Mo. 515; *Jones v. Whitsett,* 79 Mo. 188. The vendees being in possession of the land purchased by them, can make no such defense against a suit on the notes for the purchase money. *Pershing v. Canfield,* 70 Mo. 140; *Cartwright v. Culver,* 74 Mo. 179.

The action of the court in striking out the defense relating to a waiver of the lien claimed by plaintiff, affords

no good reason for reversing the judgment. The vendor impliedly retains a lien for unpaid purchase money, in the absence of an express waiver of it by contract, or the performance of some act which is regarded as equivalent to an agreement to waive it. The acceptance of other personal security than the note or obligation of the vendee has always been regarded as an act indicating an intention to waive the lien. *Carr v. Thompson*, 67 Mo, 472; *Stevens v. Rainwater*, 4 Mo. App. 292; *Durette v. Briggs*, 47 Mo. 362. The taking of such security is only *prima facie* evidence of the intention to waive, and may be rebutted by facts and circumstances, which in their nature take from the act its *prima facie* import, leaving the implied and primary intention to retain the lien unaffected by the act. *Pratt v. Eaton*, 65 Mo. 157. If Wm. N. Marsh had been an utter stranger to the purchase of this land, his name on the note given by the vendees, would have had the full force and effect of giving to it the character of an independent security, which supports the intention of waiving the vendor's lien. But it is alleged in the petition that Mrs. Hunt sold the land in the first instance to Wm. N. Marsh, and that the deed was, at his request, made to his wife and son; that Wm. N. Marsh paid down a part of the purchase money; that he delivered the note with his name on it for the balance; that he paid a part of this note; that he entered into possession of the land and still holds the possession thereof. These facts, if proved or admitted, divest the security taken by Mrs. Hunt of its supposed independent and collateral character. So far as Mrs. Hunt is concerned, Mr. Wm. N. Marsh must be regarded in equity as the real purchaser. She had no dealings with any one else except at his instance and request. Therefore, in accepting a note for the purchase money with his name on it, no inference of waiving the lien arises. She did only what she might naturally be expected to do from the character of the transaction and the relation which he occupied to her and the land.

In the case of *Davenport v. Murray*, 68 Mo. 198, the

vendor sold to the husband, but at his request made the deed to his wife, who was the sole vendee according to the record. The note for the purchase money was signed by the husband as well as the wife. It was held that the note did not imply waiver of the vendor's lien   The only material difference between the facts of that case and the one we have under consideration, is, that in the present case the deed was, at the request of the husband, made to the wife and son, instead of the wife alone. There was no denial of the foregoing facts in the defense which was stricken out. Neither is there a proper traverse of the facts in any other part of the answer. There is a counter averment bearing argumentatively upon one of the facts pleaded in the petition. Defendants admit " that plaintiffs sold the land described in the petition, and for the price therein stated, *but say that the same was sold to A. Marsh and Fennimore C. Marsh alone.*" This was an improper traverse of the facts as alleged in the petition, viz., that the land was sold to Wm. N. Marsh, and that at the request of said Marsh it was conveyed to A. Marsh and Fennimore C. Marsh, his wife and son. The plaintiffs were entitled to a traverse of these facts, which the answer does not contain. Neither is there any denial of the payment in part of the purchase money by Mr. Marsh, the delivery of his note as alleged, and the possession of the land by Mr. Marsh for himself.

We think the judgment was proper, and concur in affirming it.