RICHARDSON v. GREEN.

46 267
55 544

1. VENDOR AND VENDEE: *Lien for purchase money.   Waiver.*

Richardson sold and conveyed to Green, in trust for his wife, a tract of land, and for part of the purchase price Green executed to Richardson his note, on which Richardson recovered judgment, and afterwards filed a bill in equity to inforce his lien upon the land for payment. *Held:* That neither the acceptance of Green's personal note, nor the recovery of judgment on it, was a waiver of the lien—that Green was not a stranger to the purchase, the taking of whose note would be a presumed waiver of the lien.

APPEAL from *Bradley* Circuit Court in Chancery.
Hon. J. M. BRADLEY, Circuit Judge.

*C. V. Murry* and *H. G. Bunn,* for appellant.

The appellee, Marshal W. Green, in all his transactions in relation to the land, acted as the agent of his wife; he held the land in trust for her benefit at the time of the purchase from appellant. Now appellant comes into court and only asks that this land be subjected to the payment of this unpaid purchase money note, which was given for a part of the consideration for which the trust deed was executed.

If appellant has no vendor's lien on this land for this unpaid purchase money, then we must admit that the mission of a trust is not always to do the thing that is right between the beneficiary and other interested parties; but that "A," by his shrewd promises, may induce "B" to take the note of "A" for the purchase money of valuable property bought of "B" by "A," and through and by the instrumentality of a trustee not only claim his constitutional exemption against the collection of said note, but may take possession and hold and enjoy the rents and

profits of the very property for which the purchase money is due and unpaid, and absolutely defy "B" to enforce his vendor's lien, which no court denies him in the absence of the trust conveyance. If the deed had been made to Marshal W. Green for his own use and benefit, a vendor's lien as against him, privies and purchases with notice would not be denied by any lawyer. See *Swan v. Benson, admr., 31 Ark., 728*, and *Chapman v. Leggett, 41 Ark., 292*, and *Shall, admr., et al. v. Biscoe et al., 18 Ark., 142;* also, *Story's Equity, sec. 1217*. If the deed had been made individually to M. W. Green, and the note of a third party taken for the purchase money, appellant's lien would then have been good, unless the proof went to show a waiver, and the burden would have been on the vendee to show that the lien was waived, and that by the express instruction of the vendor at the time of the execution of the deed and the taking of the note. See *Lavender, admr., et al. v. Abbott, admr., 30 Ark., 172*. *Story's Equity, at section 1224,* says: " Generally speaking, the lien of the vendor exists, and the burden of proof is on the purchaser to establish that in the particular case it has been intentionally displaced or waived by the consent of the parties. If under all the circumstances it remains in doubt, then the lien attaches." Appellees are in possession of the land bought of appellant, and they will not be permitted to hold and enjoy the rents and profits thereof without paying to appellant the unpaid purchase money.

COCKRILL, C. J. Richardson filed his complaint in equity against Green and wife to enforce payment of the purchase money of lands which he had conveyed to Green in trust for Green's wife. The consideration, it was alleged, was $3,350, of which the sum of $2,687.50 was paid in cash, the husband executing his note for the residue. There

had been a suit at law, it was alleged, on the note, which resulted in a judgment *in personam* against Green, but nothing could be made upon it owing to the defendant's insolvency.

The defendants demurred to the complaint upon the grounds, 1st, that the plaintiff's deed to Green as trustee was absolute in form; 2d, that the note executed by Green was not in his trust capacity, but to bind him personally; 3d, that a judgment had been rendered against him on the note; and, 4th, that there was no equity in the bill. All the grounds set forth in the demurrer are properly embraced in the last cause assigned; but the court, to quote the language of the judgment, found that "the demurrer as to the several grounds was well taken," and the bill was dismissed.

The deed executed by Richardson is not exhibited with his complaint, and it does not appear from the allegations whether the deed recites payment of the purchase price or not. That, however, is immaterial, as the question arises between the parties to the deed. It has always been the rule in this state, that an acknowledgment in the body of the deed of the receipt of the whole purchase money, if it has not in fact, been paid, is not a discharge of the lien. *Shall v. Biscoe, 18 Ark., 142; Scott v. Osborn, 21 ib., 202; Harris v. Hanks, 25 ib., 510; Chapman v. Liggett, 41 Ark., 292.*

Nor is the right to resort to the lands for payment affected by the fact that the vendor takes the note of the vendee for the unpaid purchase money. When the deed recites payment and is prematurely delivered, the vendor, so far from manifesting an intention to abandon his right, moves rather for the protection of it, in taking written evidence to countervail the acknowledgment of payment contained in the deed.

But it is alleged that the deed was executed to Green, as trustee, and that the note is his personal obligation; and it seems from the demurrer to be argued from this that additional security was thus taken by the vendor and his right to a lien consequently waived.

In the absence of an express waiver of the lien, or some conduct or act which should be regarded as manifesting the intention to waive it, the vendor's equitable right against the land, remains. It arises as an implication of law without an express contract to sustain it. The acceptance of personal security, however, other than the note of the vendee, is considered *prima facie* evidence of the intention not to rely upon it, and casts upon the vendor the burden of showing that such was not the intention. *Lavender v. Abbott, 30 Ark., 172; Mayors v. Hendry, 33 ib., 240; Stroud v. Pace, 35 Ark., 100; Cordovers v. Wood, 17 Wall., 1; Mackreth v. Symmons, 1 White & T. Lead. Cas. in Eq., 447.*

If Green were a stranger to the purchase, in the case presented, then the fact that the note for the deferred payment of the purchase money was executed by him, would raise the presumption that the vendor intended to look to him instead of the land for payment. But for aught that appears from the record, Green was, in fact, the purchaser. It is true his wife takes the beneficial interest in the estate by the conveyance, but the whole negotiation, as far as the complaint develops, was with the husband, and it is not alleged that the wife made the purchase and paid the money that was received by the vendor. Under these circumstances, the husband, in equity, should be regarded as the real purchaser as far as the vendor is concerned, and it would follow that accepting a note from him for the deferred payment would raise no inference of an intention to waive the lien. This is held to be

true even where the deed is made directly to the wife, the husband executing the note without becoming a party to the conveyance. *Hunt v. Marsh, 80 Mo., 396; Davenport v. Murray, 68 ib., 198.*

The general doctrine relative to the equitable right of the vendor, " rests upon the postulate that it is not equitable for one to absorb the wealth of another without recompense; and, therefore, as between grantor and grantee, the court will intend that the purchased estate was to be held for the unpaid purchase money, unless circumstances are found which repel the presumption." *Hiscock v. Norton, 42 Mich., 320.*

Here the husband, who executes the note, is himself the grantee in the deed. It is not material what interest in the estate the conveyance may vest in him—accepting a note from the grantee cannot alone be said to evince the intention to abandon the lien. The vendor seems to have done only what it was most natural for him to do from the nature of the transaction, and the relationship existing between the maker of the note and the *cestui que trust* in the deed.

It has sometimes been held necessary for the vendor to proceed at law for his debt and exhaust his remedy there, before equity would grant him relief against the lands, but it has never been regarded that obtaining judgment upon the note given for the purchase money was presumptive evidence of the abandonment of the equitable right. The allegation as to the judgment at law and Green's insolvency were unnecessary and were harmless surplusage in the complaint. *Mayers v. Hendry, sup.; Whittington v. Simmons, 32 Ark., 377.*

Let the decree be reversed, and the case remanded with instructions to overrule the demurrer.