Johnson vs. Brice and others.

---

JOHNSON, Respondent, vs. BRICE and others, Appellants.

*March 16 — April 4, 1899.*

*Register of deeds: Failure to make entry in tract index: Liability.*

If a register of deeds, required by law to keep a tract index, neglect his duty as to a mortgage on a particular parcel of land, which parcel another subsequently purchases, not knowing of such mortgage by reason of relying on such index, on discovering the facts and failing by reasonable efforts to secure a release of the mortgage from the owner thereof, such other may purchase such mortgage, and, having exhausted his remedy to obtain reimbursement for his expenditures in that regard against his covenantee if there be such, and against the mortgagor as well, may hold the register of deeds and the sureties on his official bond for the residue of such expenditures and interest thereon.

[Syllabus by MARSHALL, J.]

·APPEAL from a judgment of the circuit court for La Crosse county: O. B. WYMAN, Circuit Judge. *Affirmed.*

On the 28th day of July, 1888, and for some time thereafter, *George W. Brice* was the register of deeds for La ·Crosse county, Wisconsin,. and his codefendants were the sureties on his official bond. On the day named James B. Canterbury, then the owner of lot 13, block 2, of Spier & ·Canterbury's addition to the city of La Crosse, mortgaged the same, together with ten other lots, to one Schaller to ·secure the payment of a note of $1,500, the mortgage being ·on or about its date filed for record with said register of deeds and by him duly recorded and indexed according to law, except that he did not note the incumbrance on the lot ·on the tract index which was kept in his office according to the statutes of this state requiring the same. November 26, 1888, Anna U. Stephenson purchased the aforesaid lot 13 and took a conveyance thereof, and March 19, 1892, plaintiff, after satisfying himself, by a duly certified abstract made from the tract index by his procurement, that said lot was ·owned by Stephenson free from incumbrances, and relying on such abstract for information in that regard, purchased and took a conveyance of such lot from said Stephenson. March, 1894, by a notice from Schaller, plaintiff learned of the. mortgage, on which there was then due $800, and thereafter, in order to prevent a loss of his investment in the lot, and after unsuccessful efforts to obtain a release of such lot from the mortgage, he purchased such mortgage and the indebtedness secured thereby, paying $802 therefor. At the time of such purchase the mortgage covered three lots in addition to the one in question. After plaintiff acquired the mortgage he duly foreclosed it, realizing all that could be obtained in the foreclosure proceedings for the three lots, and leaving a deficiency of $1,002.84, for which judgment was rendered against Canterbury, the person liable therefor. Thereafter plaintiff commenced an action against Anna

U. Stephenson, his grantor, on the covenants of warranty in her deed to him, and prosecuted the same to a judgment for $946. Both Canterbury and Stephenson being insolvent, plaintiff tendered both of the aforesaid judgments to defendants and demanded compensation of them for his loss growing out of the fault of *Brice* in neglecting to note the Schaller mortgage on the tract index. The demand was refused, and this action was thereupon brought to recover for the aforesaid loss, the facts as stated being alleged as constituting a cause of action in favor of plaintiff against the alleged negligent register and his sureties.

The answer, among other things, alleged possession of lot 13 by Anna U. Stephenson when the Schaller mortgage was executed, and while that situation continued a release by Schaller of ten lots from the mortgage, which were of greater value than the whole amount of the mortgage claim, and further alleging that plaintiff unnecessarily purchased the incumbrance on his property. The defendants further pleaded the six-year statute of limitations.

The jury were required to render a special verdict, which was done, in which facts were found substantially as alleged in the complaint, among the facts being the following: The records in the office of the register of deeds were examined in plaintiff's behalf before he purchased the property, but he relied upon the abstract made by the then register of deeds from the tract index, as showing the true condition of the title. Anna U. Stephenson was not in possession of the lot at the time of the making of the Schaller mortgage, and Schaller did not know but that the lot was vacant, till 1894. Plaintiff endeavored to procure a release of the lot from the mortgage before purchasing such mortgage. The three lots covered by the mortgage, other than plaintiff's lot, were worth $450 when plaintiff purchased the mortgage, but only $135 when they were sold at the foreclosure sale. The omission of the register, *Brice,* to properly note the

mortgage upon the tract index caused plaintiff to purchase lot 13 in ignorance of the existence of such mortgage. Plaintiff was damaged, by reason of the failure of *Brice* to note the Schaller mortgage on the tract index, in the sum of $800, with interest thereon at the rate of six per cent. per annum from the 15th day of October, 1894. All the facts were found, or admitted, requisite to fix upon defendant *Brice* the legal duty to have properly kept the tract index.

Judgment was rendered upon the verdict in favor of the plaintiff for the sum of $972 and costs, from which this appeal was taken on exceptions sufficient to predicate the assignments of error upon, mentioned in the opinion.

*C. L. Hood,* for the appellants.

For the respondent there was a brief by *Higbee & Bunge,* and oral argument by *Geo.W. Bunge.*

MARSHALL, J. A number of questions are discussed in appellants' brief, not of controlling importance in disposing of the appeal, therefore they will be passed without special mention. The facts are found by the jury on sufficient evidence to present for consideration this question: Where it is the official duty of the register of deeds to keep a tract index and he fails to perform that duty in respect to a mortgage upon a particular parcel of land, and thereafter a person relying upon such index as correct purchases such parcel believing it to be free from incumbrances, and subsequently, on discovering the existence of such mortgage, he makes unsuccessful efforts to secure a release of his property from it, and failing in that regard purchases the mortgage in order to clear his title of the incumbrance and protect himself so far as practicable against loss, and thereafter he reimburses himself for his expenditures in buying up the mortgage so far as practicable by enforcing the same as to all property covered by it other than his own, and then exhausts his remedy against his vendor and the party personally liable

for the mortgage debt as well, can he hold the defaulting register and the sureties upon his official bond for the balance of his loss if his action to do so be not commenced till more than six years after the default of the register as to the tract index? That presents what is involved in this case in a narrow compass so that it can be easily understood.

· It is conceded that it was the duty of the register to keep the tract index and that he did not perform that duty as to the mortgage in question. Sec. 762, R. S. 1878, covers the subject of duty. The conditions of the register's official bond bound him and his sureties for the correct and impartial performance of his duties. Sec. 755, R. S. 1878, covers that subject. Any person injured by neglect of the register constituting a breach of his bond has a right of action on such bond in his own name to recover his damages caused by such neglect. Sec. 985, R. S. 1878, covers that subject. The statutes referred to, on the facts of this case, fix beyond reasonable controversy the liability of defendants for the damages to plaintiff caused by the neglect of the register, and entitle him to the judgment appealed from if the action was brought in time and the proper measure of damages was adopted in reaching it. Plaintiff had a right to rely on the tract index. While there is evidence that some examination in his behalf was made of the indexes other than the tract index, the jury found that the defect in the latter was the cause of plaintiff's failure to discover the existence of the mortgage before he purchased the lot. It follows that whatever legal damage resulted to him from the mortgage goes back to the neglect of the register to properly perform his official duty, and is chargeable to him and his sureties, unless the claim is barred by the statute of limitations, as before stated.

But it is said that notwithstanding Schaller, the holder of the mortgage, refused to release plaintiff's lot therefrom, he had no right to purchase such mortgage or incur expense,

to the defendants' loss, till compelled to do so by an enforcement of the mortgage by Schaller, "because," says the learned counsel, a person circumstanced as plaintiff was "is not obliged to redeem from the mortgage and cannot recover compensation for an uncertain injury," citing authorities to the effect that only actual damages are recoverable for breach of a covenant against incumbrances, and that a person who is liable to suffer from such a breach is not obliged to buy up the incumbrance, but may wait till eviction has taken place and then sue for the consideration paid for the property, with interest. Such authorities have no application here, because, in the same connection, it is ruled that a person so circumstanced may free his property from the incumbrance if he sees fit to take that course, and then hold the covenantor liable for the actual damages caused by it. The universal rule, as stated in Rawle, Covenants (2d ed.), 158, is that, "If the character of the incumbrance be such as to admit of removal, the plaintiff is entitled to recover the amount which he has fairly and reasonably paid for its extinguishment." *Eaton v. Lyman*, 30 Wis. 41, cited by appellants' counsel to support his proposition, states both rules referred to together, to the effect that while a covenantee is not bound to discharge the incumbrance before bringing suit for a breach of it, unless he suffers actual damages by effecting such a discharge before suit he can recover only nominal damages. For further authorities on the subject, see Rawle, Covenants (5th ed.), § 188; *Coburn v. Litchfield*, 132 Mass. 449; *Braman v. Bingham*, 26 N. Y. 483; 3 Washb. Real Prop. (5th ed.), 529; 2 Suth. Dam. (2d ed.), § 623; *Pillsbury v. Mitchell*, 5 Wis. 17; *Noonan v. Ilsley*, 21 Wis. 138. The law on this subject is so well settled that it would look too much like treating the question as one for serious consideration to pursue it further. It is the undoubted right of the owner of real estate upon which there is an incumbrance, which another is legally bound to him to discharge,

but has failed to do so, to extinguish it, expending no more for that purpose than is reasonably necessary, relying on such other for reimbursement; and when that is done the amount of the expenditure, with interest, will be the true measure of such person's damages and such other's liability.

It is not necessary to say here whether it was requisite under the circumstances of this case for plaintiff to have exhausted his remedy against his covenantor and on the note and mortgage as to property other than his own covered by it as well, before pursuing the register and his bondsmen. The rule is that way in many jurisdictions, and certainly he was permitted to do so, and defendants have no reason to complain on that score so long as they are unable to make any showing but that plaintiff proceeded with diligence and care. Undoubtedly, in such cases, the expenditures should be carefully scrutinized, and no more included in the recovery than was reasonably necessary.

The foregoing rule as to the measure of damages for breach of covenant against incumbrances applies in regard to indemnity for loss to a person caused, without fault on his part, by neglect of a register of deeds in respect to his official duties. Throop, Pub. Off. § 743; *Wacek v. Frink,* 51 Minn. 282; *Lusk v. Carlin,* 5 Ill. 395; *Chase v. Heaney,* 70 Ill. 268; *Ziegler v. Comm.* 12 Pa. St. 227.

There is left for consideration the effect of the statute of limitations pleaded. It does not definitely appear by the answer what particular statute is relied upon, but appellants' counsel suggests in his brief subd. 3, 4, sec. 4222, R. S. 1878. The learned counsel failed to give proper significance to the fact that this action is on a sealed instrument. Sec. 4220 covers such actions, except those mentioned in secs. 984, 3968, and 4222, none of which refer to an instrument like the one in suit. Sec. 984 covers actions by public corporations upon official bonds; sec. 3968 refers to actions on guardians' bonds; and sec. 4222, so far as it applies to sealed instruments, re-

fers to actions on public obligations in writing for the payment of money. So the twenty-year statute, not the six-year statute of limitations, governs, beyond room for reasonable controversy, and this action was brought in time.

The other questions suggested in the argument of the learned counsel for appellants have received such consideration as their importance requires. The reason why they have not been specially treated is that they do not appear to be of sufficient significance to affect the result.

*By the Court.*— The judgment of the circuit court is affirmed.