PATTERSON, Respondent, vs. CAPPON and another, Appellants.

*March 15—June 23, 1905.*

*Deeds: Construction: Covenants: Warranty: Peaceable possession: Breach: Tax lien: Evidence: Eviction: Pleading: Denial: Partial defense: Demurrer.*

1. Whether covenants of seisin and freedom from incumbrance, strictly speaking, run with the land (a point not decided), a warranty to the original grantee, his heirs and assigns, of peaceable and undisturbed possession, does so.
2. A warranty of peaceable and undisturbed possession is breached by an eviction which deprives the grantee of the possession so warranted, and gives him a right of substantial recovery limited to the original purchase price of the land.
3. A tax on land for 1893, which has been assessed, levied, and warranted to the collector of taxes, became a lien and incumbrance upon the land prior to February 14, 1894, the date of a conveyance thereof, and any eviction of the grantee therein, or disturbance of his possession in lawful pursuance of rights arising under that lien, constitutes a breach of the covenants of such conveyance warranting peaceable and undisturbed possession.

4. Defendants conveyed to D. with full covenants of warranty, and
   D. conveyed to plaintiff with like covenants. At the date of de-
   fendants' conveyance there was an outstanding unpaid tax
   which subsequently ripened into a title under which plaintiff
   was evicted. In an action for breach of the covenants of peace-
   able and undisturbed possession, an allegation that D. had
   agreed to pay the tax was *held* not to constitute a defense;
   hence a demurrer thereto was properly sustained.
5. In an action for breach of covenants of peaceable and undisturbed
   possession a denial of any disturbance of plaintiff's possession,
   though made only because of lack of knowledge or information
   sufficient to constitute a belief, raises an issue, which renders
   admissible evidence in contradiction of plaintiff's allegation of
   eviction.
6. In such case the complaint alleged that the premises had been at
   all times vacant and unoccupied, which was nowhere admitted
   by the answer and was met by a general denial. *Held*, on de-
   murrer, that an admission of the answer that a judgment quiet-
   ing title in the tax-title grantee had been entered did not admit
   an eviction.
7. In such case an allegation of the answer that plaintiff had in fact
   acquired, by purchase, the tax title constituting the incum-
   brance, sets up a good defense to the extent of the payment, for
   plaintiff could recover only the damages which he had in fact
   suffered, and, if he had chosen to save himself from complete
   eviction by buying in the outstanding claim, he could not re-
   cover as for a total eviction.
8. Where allegations of an answer constitute only a partial defense
   to the cause of action, which being resolved in defendant's favor
   defeats plaintiff's right of recovery to the extent demanded, a
   general demurrer should be overruled.

APPEAL from an order of the superior court of Milwaukee
county: J. C. LUDWIG, Judge. *Affirmed in part; reversed
in part.*

Appeal from order sustaining demurrer to answer of the
defendant *Jesse Cappon.* The complaint alleged that on Feb-
ruary 14, 1894, the defendants, in consideration of $700,
executed to one John Debus their full warranty deed of a cer-
tain lot in Milwaukee, of which deed a copy is set forth, and
contains the usual covenant of seisin as of an absolute and
indefeasible estate of inheritance in fee simple; also against

incumbrances, except a mortgage of $400; "and that the above-bargained premises, in the quiet and peaceable possession of the party of the second part, his heirs and assigns, against all and every person lawfully claiming the whole and every part thereof, the said grantors will forever warrant and defend." Further, that on March 12, 1895, said Debus, in consideration of $204 and the assumption of said $400 mortgage, then amounting to $414, conveyed the same premises to the plaintiff by full warranty deed; that at the time of the defendants' deed to Debus the taxes for the year 1893, amounting to $2, were a lien upon the premises, and that the defendants have at all times neglected to pay said taxes; that by reason thereof the premises were sold in the following May, and in October, 1897, a tax deed duly issued to one Simon Heller and was recorded, all without the knowledge of the plaintiff, until the year 1903, when said Heller's title had become perfect, the premises having been vacant, whereupon plaintiff notified defendants and demanded protection against such title, in which they failed; that in October, 1903, said Heller conveyed his title to one Smith, who commenced suit against the plaintiff to quiet title; that defense to said suit was tendered both to the defendants and to Debus, which received no attention, whereupon, on October 30, 1903, judgment was rendered confirming and quieting the title of said Smith under said tax deed of said premises, whereby plaintiff became wholly ousted and out of possession of the premises. Damages were claimed in the sum of $618, the amount paid by plaintiff for the land, with interest from the date of his purchase.

The answer admitted the execution of the deeds and the existence of the $400 mortgage and the unpaid tax thereon; also admitted the judgment quieting Smith's title, but denied disturbance of plaintiff's quiet possession. It also alleged that the purchase of the Heller tax title by Smith was in fact a purchase by the plaintiff in the name of said Smith, and was

accomplished for $150. As "further defense" it alleged that Debus agreed to pay the tax of 1893; and that defendants were not in duty or contract bound to pay it.

For the appellants there was a brief by *Riley & Blatchley,* and oral argument by *A. N. Blatchley.*

*C. T. Hickox,* for the respondent.

The following opinion was filed April 5, 1905:

DODGE, J. We need not resolve the somewhat vexed question whether the covenants of seisin and of freedom from incumbrance, under the law of Wisconsin, run with the land in the strict sense of that phrase, or being, as they necessarily are, breached by the existence of any incumbrance at the time of the conveyance, whether merely the chose in action thus arising in favor of the original grantee is, by his deed, assigned to his successors in title, so that, instead of suing in their own right for the technical breach of those covenants, they sue merely in the right of the original covenantee as their assignor, and therefore subject to any defenses which would be effective as against him. This action is predicated not upon any technical breach arising from the mere existence of incumbrance at the time of the conveyance, whence nominal damages only could arise, but upon an alleged substantial and injurious breach, consisting in the eviction of this plaintiff after the property came to him, and whereby he himself suffered the damage. *Mecklem v. Blake,* 22 Wis. 495; *Johnson v. Brice,* 102 Wis. 575, 78 N. W. 1086; *Rice v. Ashland Co.* 114 Wis. 130, 89 N. W. 908. Whether the above-mentioned covenants run with the land or not, strictly speaking, there is no doubt that the warranty to the original grantee, his heirs and assigns, of peaceable and undisturbed possession, does so. *Schwallback v. C., M. & St. P. R. Co.* 69 Wis. 292, 298, 34 N. W. 128; Tiedeman, Real Prop. (2d ed.) § 862; 3 Washb. Real Prop. (6th ed.) § 2386. This warranty, according to the allegations of the complaint, is, of course, breached by an evic-

tion which deprives the grantee of the possession so warranted, and gives to him right of substantial recovery limited to the original purchase price of the land.    Tiedeman, Real Prop. (2d ed.) § 861; *Hurd v. Hall,* 12 Wis. 113, 137; *Bailey v. Scott,* 13 Wis. 619; *Conrad v. Trustees of Grand Grove, U. A. O. D.* 64 Wis. 258, 264, 25 N. W. 24.    That the tax for 1893, which had been assessed, levied, and warranted to the collector of taxes, had become a lien and incumbrance upon the land prior to February 14, 1894, is beyond doubt. *Peters v. Myers,* 22 Wis. 602; *Milwaukee Iron Co. v. Hubbard,* 29 Wis. 51; *Spear v. Door Co.* 65 Wis. 298, 27 N. W. 60.    Hence any eviction of the plaintiff, or disturbance of his possession in lawful pursuance of rights arising under that lien, constitutes a breach of the warranty for which defendant is liable.

To this cause of action the answer, to give it the most favorable construction, and that which plaintiff has given it in his demurrer, states at least two defenses.    The first, which plaintiff has been willing to treat as sufficiently pleaded as a separate defense, is to the effect that Debus, the first grantee, agreed to pay this tax.    In order that this should be any defense against the plaintiff's cause of action as above described, it must be construed as impliedly asserting that by extrinsic agreement between the defendant and Debus it was stipulated that the former should not covenant or warrant against this incumbrance.    Obviously, however, if that fact were established, it could constitute no defense against the plaintiff's action.    It would constitute a direct contradiction of the express covenant of the deed, and this cannot be permitted. Defendant refers us to a familiar line of authorities holding that the consideration of a deed is open to examination and proof by parol evidence; also that proof of other elements of the contract involved in the sale and purchase of real estate is not excluded by the deed, for the reason that that instrument is, in its very nature, but an expression or execution of

a part of the contract in fact made. But these authorities all recognize the qualification that it is not permissible thus to contradict such parts of the contract as are expressed in the deed itself. *Hei v. Heller,* 53 Wis. 415, 10 N. W. 620; *Powers v. Spaulding,* 96 Wis. 487, 71 N. W. 891; *Desmond v. McNamara,* 107 Wis. 126, 82 N. W. 701; *Brader v. Brader,* 110 Wis. 423, 432, 85 N. W. 681; *Butt v. Smith,* 121 Wis. 566, 99 N. W. 328. We must therefore conclude that this so-called separate defense is no defense, and demurrer thereto was properly sustained.

Turning now to the general demurrer to the whole answer, we find, first, a denial of any disturbance of plaintiff's possession. True, that denial is made only because of lack of knowledge or information sufficient to constitute a belief, but it raises that issue, and would render admissible evidence in contradiction of plaintiff's allegation of eviction, which, if preponderant, would defeat the cause of action set forth in the complaint. *Smith v. Hughes,* 50 Wis. 620, 7 N. W. 653. True, it is admitted that a judgment quieting title in Smith has been entered, which would of itself constitute eviction in connection with the fact alleged by the complaint that the premises have at all times been vacant and unoccupied, so that all possession thereof is and has been constructive; but. that allegation is nowhere admitted, and is met by the general denial. Besides this, it is asserted by the answer that plaintiff has in fact acquired the tax title of Heller which arose under this incumbrance by purchase at a cost not exceeding $150. This also would constitute a good defense *pro tanto,* for plaintiff can recover only the damages which he has in fact suffered, and, if he has chosen to save himself from complete eviction by buying in the outstanding claim, he cannot recover as for a total eviction. *Johnson v. Brice,* 102 Wis. 575, 78 N. W. 1086. It is suggested that this, being only a partial defense, cannot sustain the answer. But it certainly constitutes a new issue, which, being resolved in de-

fendants' favor, defeats plaintiff's right of recovery to the full extent demanded. It is in no wise similar to the partial defense held obnoxious to demurrer in *Sargeant v. Downey,* 49 Wis. 524, 5 N. W. 903, for plaintiff, in proving his case, upon default, would not be obliged to negative the facts of this defense. We therefore conclude that the answer, taken as a whole, states both a complete and partial defense to the action, and a general demurrer thereto cannot be sustained.

*By the Court.*—Order appealed from reversed so far as it sustains the general demurrer to the answer as a whole; so far as it sustains the demurrer to the so-called further or separate defense, such order is affirmed; appellant to recover costs.

A motion for a rehearing was denied June 23, 1905.