In re Estate of Hanlin: Killilea, Administrator, Appellant, vs. Douglas, Respondent.

*September 26—October 15, 1907.*

*Mortgages: Foreclosure: Proper parties: Forum for enforcement of liability of deceased mortgagor: County courts: Judgments: Res adjudicata: Limitation of actions: Accrual of right of action: Covenants against incumbrances: Covenants running with the land: Breach: Nominal and substantial damages: Accrual of cause of action against deceased covenantee.*

1. In case of the enforcement of a mortgage by foreclosure suit after the decease of the mortgagor and the appointment of an administrator of his estate the latter is not a proper party for the purpose of establishing liability of such estate for the mortgage indebtedness; such liability being enforceable only in the proper county court.

2. The administrator of the estate of a deceased person having been made a defendant in a foreclosure action to enforce a mortgage given by the decedent with the owner of the mortgaged premises by a deed with full covenants from the deceased; and a judgment having been rendered, among other things, decreeing the administrator to be personally liable in his representative capacity for the mortgage indebtedness, and he having appealed, resulting in such decree being reversed as to him because of it not being proper in the action to settle the question of the liability of the estate for the indebtedness, and subsequently the cause having been, accordingly, dismissed as to the administrator, the liability of the estate for the mortgage indebtedness and to the covenantee under the deed aforesaid in case of his paying off the same for his protection, is left wholly unadjudicated.

3. The statute of limitations, sec. 3860, Stats. (1898), bears on a right from the time there is a cause of action to enforce it.

4. A cause of action does not accrue until the party owning it is entitled to begin and prosecute an action thereon. It accrues at the moment when he has a legal right to sue on it and no earlier.

5. There is a technical breach of the covenant against incumbrances in a conveyance of real estate, in case of there being an outstanding mortgage upon the property, as soon as the deed is delivered, but it only gives rise to an action by the covenantee for nominal damages.

In re Estate of Hanlin: Killilea v. Douglas, 133 Wis. 140.

6. In case of a conveyance of land with full covenants and there-being an outstanding mortgage, no action lies for substantial damages in advance of an eviction, or the owner of the land entitled to the benefit of the covenant paying off the incumbrance.

7. The covenant against incumbrances runs with the land and inures to the owner who suffers ouster or who is damaged by being compelled to extinguish the incumbrance. Such covenant is not breached, except technically, in advance of eviction or the suffering of actual damages, hence no right of action for such a breach accrues until such time.

8. The right of action for substantial damages for breach of a covenant against incumbrances, which runs with the land, is regarded as distinct from the technical breach occurring at the time of the delivery of the deed; the time when the cause of action to remedy one accrues, bears no relation to the time when the cause of action arises to remedy the other.

9. A cause of action for breach of covenant against incumbrances made by a person subsequently deceased does not arise so as to be enforceable against his estate until the covenantee or some person entitled to the benefit of the covenant shall have suffered actual damages.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

Appeal from a judgment allowing a claim against the estate of Margaret Hanlin.

The facts of the case are these: *R. Bruce Douglas* is the owner of lot 14, block 223, Cambridge's subdivision No. 2, in the Eighteenth ward of the city of Milwaukee, Wisconsin. He obtained his title by deed with full covenants from Mary Jane Hayes and Thomas E. Hayes, her husband, September 3, 1898, the deed being duly recorded September 6, 1898. The grantee, Mary Jane Hayes, obtained title from the deceased by deed with full covenants, January 15, 1898, which deed was duly recorded. When the deceased made such deed, part of the premises was under mortgage made by her and her husband, dated November 25, 1891, and duly re-

corded.    There was a pretended release of the mortgage, but it was fraudulently obtained and placed upon record.    The mortgage was duly foreclosed, judgment being rendered November 26, 1904, in which the indebtedness secured was fixed at $1,580.16.    In the foreclosure action the administrator of the estate of the deceased and *R. Bruce Douglas* were made defendants.    No issue was joined in the action by the pleadings as regards the liability of the administrator for the indebtedness secured by the mortgage.    Nevertheless, at the request of *R. Bruce Douglas* findings were made to the effect that he was so liable.    The administrator appealed from the judgment.    In the proceedings upon the appeal *Douglas* did not participate.    The appeal resulted in the court holding that the question of whether the estate of Margaret Hanlin was liable for the indebtedness secured by the mortgage was not one proper to be settled in the action.    The judgment was therefore reversed as to the administrator and remanded to the trial court, where the complaint as to him was dismissed.    Thereafter *Douglas* was obliged to, and did, redeem the mortgaged premises from the judgment of foreclosure.    The redemption was made February 16, 1906, the amount paid being $1,721.23.    *Mr. Douglas* reasonably expended in resisting the foreclosure $187.77.    The time for filing general claims against the estate of the deceased expired the 1st day of January, 1902. *Douglas* filed his claim February 26, 1906.

Upon findings of the court as to the facts corresponding with the foregoing statement, the legal conclusion was reached that the claimant's demand accrued and became absolute after the time limited for general creditors to present their demands; that it was seasonably filed, and that there was justly due thereon $1,909.50, with interest from February 16, 1906.    Judgment was rendered accordingly, from which this appeal was taken.

*Adolph Huebschmann,* for the appellant.

In re Estate of Hanlin: Killilea v. Douglas, 133 Wis. 140.

For the respondent there was a brief by *Quarles, Spence & Quarles,* attorneys, and *J. V. Quarles, Jr.,* of counsel, and oral argument by *J. V. Quarles, Jr.*

MARSHALL, J.   The point is made by the learned counsel for appellant that the judgment in the foreclosure suit is *res adjudicata* of whether the estate is liable to pay the indebtedness which was the ground of respondent's claim.   As indicated in the statement, no issue was raised in the foreclosure suit on that subject, though at the request of respondent the trial court therein made findings that the administrator of the estate of the deceased was personally responsible for the mortgage indebtedness and judgment was so rendered, and it was afterwards in due proceedings to that end reversed and the cause dismissed as to him.   It seems quite plain that the question of whether the estate of Margaret Hanlin was liable for the mortgage indebtedness was thus effectually removed from the case and that it necessarily carried with it all opportunity for litigating whether the estate was liable over to respondent in case of his paying off the indebtedness.

Whatever liability there was of the estate on account of the mortgage indebtedness, from any point of view, was manifestly enforceable only by proper proceedings in the county court, and after the reversal of the judgment in the foreclosure action there was nothing left in that case passing upon respondent's rights in any way whatever.   The administrator was not a necessary or proper party to the foreclosure as regards the liability of the estate for any claim enforceable in the county court, and for that reason, as plainly appears by the decision of this court, he was dismissed from the suit.

The point above treated being disposed of, the case comes down to this: Was respondent's demand extinguished by the statute of nonclaim, sec. 3860, Stats. (1898), before the

claim was filed in the county court? Such section provides. that "if the claim of any person shall accrue or become absolute at any time after the time limited for creditors to present their claims the person having such claim may present it to the county court and prove the same at any time within one year after it shall accrue or become absolute. . . ."

It must be conceded, as the fact is, that if respondent's cause of action did not accrue till he paid off the incumbrance, then his claim was seasonably filed; that the statute of limitations operates upon a claim only from the time there is a complete cause of action to enforce it, and that if respondent had no such cause till he extinguished the incumbrance he was entitled to recover.

When did the respondent's cause of action mature? That would seem to be so plainly ruled by *Pillsbury v. Mitchell,* 5 Wis. 17; *Mecklem v. Blake,* 22 Wis. 495; *Eaton v. Lyman,* 30 Wis. 41; and *Johnson v. Brice,* 102 Wis. 575, 78 N. W. 1086, that we need not go elsewhere for authority.

True, an action for nominal damages accrues in the circumstances of this case as soon as the deed is given. The authorities are all in harmony to that extent, but until eviction in such a case, there is no opportunity to recover substantial damages such as in this instance, the amount paid to remove the incumbrance, till payment occurs. In *Johnson v. Brice, supra,* the court said in harmony with previous adjudications and authorities generally:

"While a covenantee is not bound to discharge the incumbrance before bringing suit for a breach of it, unless he suffers actual damages by effecting such a discharge before suit he can recover only nominal damages."

While the rule is universally and freely conceded that the statute of limitations commences to run only from the time the cause of action accrues, there is often a controversy as to when that time arrives. The unfailing test is, in the absence of some statute to the contrary, whether the party as-

serting the claim can successfully maintain an action to enforce it.

The rule is stated tersely and with many supporting authorities in 19 Am. & Eng. Ency. of Law (2d ed.) 193, thus:

"A cause of action does not accrue until the party owning it is entitled to begin and prosecute an action thereon; it accrues at the moment when he has a legal right to sue on it and no earlier."

That covers the whole subject. Nothing can be gained by multiplying words in respect to it.

Manifestly, a statute of limitations does not bear on a right until there is a right of action; a judicial remedy of some sort which the owner of that right can invoke to vindicate it. So, as said, the unfailing test is to decide upon the precise point of time when the owner of the right could have instituted a suit to enforce it and prosecute the same to a successful result. That time does not arise in the circumstances of this case, as we have seen, until the person entitled to the benefit of the covenant against incumbrances is actually damnified by paying off the incumbrance. The right to have the incumbrance paid off by the covenantor, the breach of that right by failure to do so, and the compulsory payment by the covenantee of the one entitled to the benefit of the covenant, form the circumstances creating the cause of action.

There is some conflict of authority on the precise point involved here of whether the statute of limitations commences to run to recover substantial damages in an action of this sort till the incumbrance is paid off, but it would seem that the principle that one cannot maintain an action for damages till they actually are suffered by payment, and that the statute of limitations runs only from the time an action may be maintained, settles the question for this court. On the point that only nominal damages are recoverable prior to the extinguishment of the incumbrance, or eviction, the authori-

ties are all in harmony. On the precise point here, that the statute of limitations commences to run on the demand for the damages suffered only from the time the incumbrance is paid off, the authorities are in substantial harmony. We cite the following: *Spoor v. Green,* L. R. 9 Exch. 99; *Yancey v. Tatlock,* 93 Iowa, 386, 61 N. W. 997; *Jenkins v. Hopkins,* 9 Pick. 543; *Post v. Campau,* 42 Mich. 90, 3 N. W. 272; *Hunt v. Marsh,* 80 Mo. 396; *Blondeau v. Sheridan,* 81 Mo. 545; *Wyatt v. Dunn,* 93 Mo. 459, 2 S. W. 402, 6 S. W. 273.

The few authorities conflicting with the above we need not refer to. Some of those cited are not entirely satisfactory, but the following from *Hunt v. Marsh, supra,* not only fits the case before us very closely, but shows the ground of the rule; the reason why the cause of action for substantial damages does not relate to the date of the creation of the covenant:

"It has long been settled that these covenants run with the land and inure to the owner who suffers ouster or who is compelled to extinguish the incumbrance to save his estate. No substantial injury happens before this, and no right of action accrues before."

It was formerly a controverted question here whether a covenant against incumbrances runs with the land, and such controversy was settled in the affirmative in *Mecklem v. Blake,* 22 Wis. 495. There the authorities on both sides of the question were examined and it was held, adopting the English rule, as was said, that the covenant is one of indemnity and as to substantial damages runs with the land, the action therefor not accruing till the damages are suffered. The court recognized two rights of action, the one for mere nominal damages accruing at the instant of the delivery of the deed and becoming a mere chose in action, enforceable by the covenantee or his assignee, and the right of action for substantial damages; that the conveyance as to the latter

damages is "intended for the security of all subsequent grantees, until the covenant is finally and completely broken; . . . that no such right of action accrues to the covenantee on the mere nominal breach, which always happens the moment the covenant is executed, as is sufficient to merge or arrest the covenant in the hands of the covenantee, or to deprive it of the capacity of running with the land for the benefit of the person holding under the deed when an eviction takes place or other real injury is actually sustained."

Mr. Justice Dixon, who wrote the opinion in *Mecklem v. Blake, supra,* in a very able dissenting opinion in *Eaton v. Lyman,* 30 Wis. 41, contended that the mere shadow of a claim entitling the owner to nominal damages, which was recognized when it was held that the covenants were for the benefit of the covenantee only, should not, in view of the position of the court that the covenant for substantial damages runs with the land, be further recognized; that no action should be maintained for mere nominal damages and no action for the breach of the covenant against incumbrances should be held to exist in advance of actual damages accruing.

A careful reading of the opinion in *Eaton v. Lyman* shows that a breach of the covenant against incumbrances which accrues immediately upon the delivery of the deed, giving rise to a cause of action for nominal damages, and a breach occurring at the time of paying off the incumbrance are recognized as distinct, giving rise to two separate causes of action, though the court declined to decide whether if the one for the first breach were enforced the covenantee could subsequently sue for a second breach, but it was quite distinctly held that if the action for a substantial breach of the covenant is brought by a remote grantee, the covenantor has no reason to complain because of a former recovery by the covenantee for nominal damages.

It follows that the cause of action for the recovery of substantial damages, as in this case, is so far distinct from

the right to recover nominal damages as to be grounded on
a separate breach happening at the time the damages are
actually suffered. It does not relate to the delivery of the
deed. That is conclusive as to the right of respondent to
the judgment appealed from.

*By the Court.*—The judgment is affirmed.